IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| NATHAN MILLER | : | |
| Plaintiff | : | |
| v. | : | |
|  | : | Civil Action No. _____ |
| AMAZON.COM SERVICES, INC. and | : | |
| QUEST DIAGNOSTICS CLINICAL | : | |
| LABORATORIES, INC. | : | |
| Defendants | : | |

## CIVIL COMPLAINT

Plaintiff, Nathan Miller, by and through his attorneys, The Derek Smith Law Group, PLLC, hereby bring this civil action for violations of Pennsylvania's Medical Marijuana Act ("MMA"), 35 P.S. §10231.2103; breach of the implied covenant of good faith and fair dealing, violation of public policy, intrusion on seclusion, and civil conspiracy against Defendants, Amazon.com Services, Inc. and Quest Diagnostics Clinical Laboratories, Inc. with regard to the July 21, 2020 termination of Plaintiff's employment on the basis of an alleged failed drug test. Plaintiff alleges and avers in support thereof:

### Parties

1.      Plaintiff, Nathan Miller, is an adult male individual who, at all times relevant, suffers/suffered from mental health conditions that required the taking and use of medical marijuana, and Plaintiff is/was certified and licensed in the Commonwealth of Pennsylvania to use medical marijuana, and was employed by Amazon.com Services, Inc. working at a Carlisle, Pennsylvania facility as a Picker.

2. Defendant, Amazon.com Services, Inc. ("Amazon"), is an entity, organization, and/or Limited Liability Company incorporated in the State of Delaware and headquartered out of Seattle, Washington, and at all times relevant, has had offices in the Eastern District of Pennsylvania and thus duly exists under the laws of the Commonwealth of Pennsylvania. At all times relevant, Defendant Amazon employed Plaintiff.

3. Defendant, Quest Diagnostics Clinical Laboratories, Inc. ("Quest"), is an entity, organization, and/or corporation incorporated in the State of Delaware with headquarters in Secaucus, New Jersey, and has offices in the Eastern District of Pennsylvania and thus duly exists under the laws of the Commonwealth of Pennsylvania. Defendant Quest provides medical services on behalf of employers, including Defendant Amazon, and is expected to be held to a medical standard of care with regard to treatment, care, and the dissemination of private information.

4. Defendant Amazon and Defendant Quest (hereinafter jointly and/or individually referred to as "Defendants") agreed, accepted, adopted, acquiesced, and/or were otherwise bound by the actions and omissions of its owners, officers, managers, supervisors, employees, contractors, and agents acting and working within the scope of his or her authority.

**Jurisdiction and Venue**

5. This Court has subject matter jurisdiction under diversity of citizenship jurisdiction, 28 U.S.C. §1332, which is vested in this Court for matters involving citizens of different States when the amount in controversy exceeds the sum or value of $75,000.

6. Venue is appropriate before this Court as Defendants reside and regularly conduct business in the Eastern District of Pennsylvania (i.e. Berks, Bucks, Chester, Delaware, Lancaster, Lehigh, Montgomery, Northampton, and Philadelphia).

**Summary of Relevant Facts**

7.     Plaintiff, Nathan Miller, worked from April 16, 2020 to July 21, 2020 for Defendant Amazon as a Seasonal Fulfillment Associate, which is/was a full-time Picker position working third shift (6:15 P.M. to 4:45 A.M., Sunday through Wednesday) at Defendant Amazon's Fulfillment Center in Carlisle, Pennsylvania, which earned Plaintiff $15.05 an hour.

8.     Plaintiff suffers from mental health conditions including anxiety and depression, and most severely chronic Post Traumatic Stress Disorder, which require him to take medical marijuana, and Plaintiff has a valid certification and license to take medical marijuana.

9.     At all times, Plaintiff informed his direct supervisor Justin Segal, and assistant supervisors Samson and Casper, that he has a license for medical marijuana.

10.    At all times as a Picker, Plaintiff consistently scored in excess of his pick rate or quota, and thus was qualified for his position and employment with Defendant Amazon.

11.    Plaintiff was not required to use machinery or heavy equipment of any kind.

12.    In July 2020, Plaintiff applied for a full-time position, which would result in an increase in pay and benefits (which Plaintiff was on the verge of receiving), but prior to hire or transfer to a full-time position, Plaintiff had to take a drug test.

13.    The drug test was administered by Defendant Quest on Defendant Amazon's Carlisle facility premises and upon arriving, Plaintiff informed the Defendant Quest employee and a Defendant Amazon Human Resources employee that he is a licensed user of medical marijuana and Plaintiff showed his license, at that time.

14.    Throughout the examination process Plaintiff continuously informed each and every person with whom he interacted that he is/was licensed for medical marijuana and that marijuana would show up in his test.  Plaintiff also showed his license to use marijuana.

15. On July 21, 2020, Plaintiff received a phone call from Anthony of Defendant Amazon's Human Resources department, and Anthony informed Plaintiff that Plaintiff had failed the drug test, due to marijuana, and was terminated.

16. Plaintiff informed Anthony that he has a license for medical marijuana but Anthony informed Plaintiff the termination was already processed in the system, the information was with the corporate office, and there was nothing "they" could do to reverse the decision.

17. Plaintiff took every step necessary and required to protect himself from a wrongful termination, but was terminated anyway as a result of intentional discrimination.

18. Defendant Amazon represents itself as being medical marijuana friendly, however, in the case of Plaintiff, and potentially others, that is not true.

### Administrative Investigation

19. Plaintiff initially filed a Charge of Discrimination with the Pennsylvania Human Relations Commission about his termination, and an investigation was briefly conducted.

20. In the Administrative Investigation, Defendant Amazon submitted a Position Statement that claimed Plaintiff underwent the drug test on or about July 14, 2020; the test result came back positive on July 19, 2020; and, per procedure a Medical Review Officer ("MRO") of Defendant Amazon "attempted to contact" Plaintiff on July 19, 2020 for an explanation of the test results but when no response was forthcoming, the decision to terminate was made by Defendant Amazon Human Resources on July 21, 2020.

21. Defendant Amazon claimed per this procedure, Defendant Quest is to take no notice of a license or certification to use medical marijuana and that proof befalls on the employee to do so when called by the MRO about a positive drug test.

22. In contrast to the foregoing, Plaintiff has documentary evidence that the drug test was on July 21, 2020 at 6:00 P.M.; that Plaintiff called Defendant Amazon on July 21, 2020 and July 22, 2020; and, that Plaintiff was terminated effective July 22, 2020.

23. Furthermore, accepting Defendants foregoing procedure as true, Plaintiff further alleges that this procedure and the involvement of an MRO violates medical privacy considerations and intentionally or disparately impacts employees, including those using medical marijuana, as it wrongly subjects employees to termination, claims of failed drug tests, exposure of medical conditions, and other embarrassment, humiliation, and harms.

## COUNT ONE
### *Violation of the Medical Marijuana Act*
### *Pennsylvania's Medical Marijuana Act, 35 P.S. §10231.2103(b)*
### **Plaintiff v. Defendants**

24. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

25. At all times relevant, Plaintiff was a qualified employee of Defendant Amazon and Defendant Amazon was an employer of Plaintiff.

26. Defendant Quest acted in concert, conspiracy, and/or in furtherance of Defendant Amazon's actions in direct violation of Pennsylvania's Medical Marijuana Act.

27. At all times, Defendants were aware of Plaintiff's status as a certified and licensed medical marijuana user in the Commonwealth of Pennsylvania.

28. Pennsylvania's Medical Marijuana Act provides in relevant part:

> *No employer may discharge, threaten, refuse to hire or otherwise discriminate or retaliate against an employee regarding an employee's compensation, terms, conditions, location or privileges solely on the basis of such employee's status as an individual who is certified to use medical marijuana.*

35 P.S. §10231.2103(b)

29. Defendants violated Pennsylvania's Medical Marijuana Act by having terminated Plaintiff for a positive drug test showing marijuana, when Defendants knew Plaintiff was a certified and licensed medical marijuana user.

30. Defendants' actions were intentional and in complete contravention of the law, all to deprive Plaintiff of continued employment due to his use of medical marijuana.

31. As a direct and proximate result of Defendants' discrimination, Plaintiff has suffered loss of wages, including loss of back pay, loss of front pay, loss of amenities of employment, out-of-pocket expenses, emotional damages, pain and suffering, alienation, loss of confidence, loss of reputation, and other similar damages and harms, all to Plaintiff's great detriment.

32. Defendants' actions were willful and wanton and thus require the imposition of punitive damages.

WHEREFORE, Plaintiff, Nathan Miller, hereby demands judgment in his favor and against Defendants, Amazon.com Services, Inc. and Quest Diagnostics Clinical Laboratories, Inc., for any and all damages deemed reasonable, necessary and just by the Court.

## COUNT TWO
*Breach of Contract / Breach of Implied Covenant of Good Faith and Fair Dealing*
**Plaintiff v. Defendants**

33. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

34. Defendant Amazon breached a verbal contract and/or the implied covenant of good faith and fair dealing when it held itself out as permitting the employment of those taking medical marijuana and then intentionally and discriminatorily terminated Plaintiff

35. Defendant Quest violated a verbal or written contract and/or agreement to conduct a thorough, fair, and impartial drug test when its employees, officer, and/or examiners intentionally misinformed and/or otherwise caused the termination of Plaintiff.

36. Defendant Quest breached its Hippocratic Oath when it failed or refused to take note of Plaintiff's status as a certified and licensed medical marijuana user, and subsequently falsely sent Defendant Amazon (Plaintiff's employer) notice that Plaintiff failed a drug test.

37. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered loss of wages, including loss of back pay, loss of front pay, loss of amenities of employment, out-of-pocket expenses, emotional damages, pain and suffering, alienation, loss of confidence, loss of reputation, and other similar damages and harms, all to Plaintiff's great detriment.

38. Defendants' actions were willful and wanton and thus require the imposition of punitive damages.

WHEREFORE, Plaintiff, Nathan Miller, hereby demands judgment in his favor and against Defendants, Amazon.com Services, Inc. and Quest Diagnostics Clinical Laboratories, Inc., for any and all damages deemed reasonable, necessary and just by the Court.

### COUNT THREE
*Violation of Public Policy*
*Pennsylvania's Medical Marijuana Act, 35 P.S. §10231.2103(b)*
**Plaintiff v. Defendants**

39. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

40. In the Commonwealth of Pennsylvania, it is legal to be prescribed medical marijuana. 35 P.S. §10231.2103(b).

41. It also is illegal to terminate an employee or refuse to hire an employee simply because he is prescribed medical marijuana.

7

42. Consequently, it is a violation of public policy to terminate or fail to hire an employee because he tests positive for the use of prescribed medical marijuana.

43. As a direct and proximate result of Defendants' discrimination, Plaintiff has suffered loss of wages, including loss of back pay, loss of front pay, loss of amenities of employment, out-of-pocket expenses, emotional damages, pain and suffering, alienation, loss of confidence, loss of reputation, and other similar damages and harms, all to Plaintiff's great detriment.

44. Defendants' actions were willful and wanton and thus require the imposition of punitive damages.

WHEREFORE, Plaintiff, Nathan Miller, hereby demands judgment in his favor and against Defendants, Amazon.com Services, Inc. and Quest Diagnostics Clinical Laboratories, Inc., for any and all damages deemed reasonable, necessary and just by the Court.

### COUNT FOUR
*Intrusion on Seclusion*
**Plaintiff v. Defendants**

45. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

46. In the instant case, Defendants implemented no exclusions for Plaintiff's use of prescribed medications and thus revealed very publicly to Plaintiff's employer that i) he failed a drug test or ii) he takes medical marijuana, which was very embarrassing, humiliating, aggravating of underlying conditions, and harming to Plaintiff's reputation.

47. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered loss of wages, including loss of back pay, loss of front pay, loss of amenities of employment, out-of-pocket expenses, emotional damages, pain and suffering, alienation, loss of confidence, loss of reputation, and other similar damages and harms, all to Plaintiff's great detriment.

48. Defendants' actions were willful and wanton and thus require the imposition of Punitive Damages.

WHEREFORE, Plaintiff, Nathan Miller, hereby demands judgment in his favor and against Defendants, Amazon.com Services, Inc. and Quest Diagnostics Clinical Laboratories, Inc., for any and all damages deemed reasonable, necessary and just by the Court.

### COUNT FIVE
*Civil Conspiracy*
**Plaintiff v. Defendant Quest**

49. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

50. Defendant Quest conspired and/or unlawfully furthered Defendant Amazon's intentional violation of the Medical Marijuana Act and/or public policy, by and through its intentional, willful, and with malice submission of a positive drug test for Plaintiff when knowing Plaintiff had not failed the test, when Defendant failed or refused to take note and account of Plaintiff's status as a certified/licensed medical marijuana user, and/or when Defendant Quest engaged other conduct that furthered (directly, intentionally, and/or negligently) Defendant Amazon's unlawful termination of Plaintiff on account of the drug test result, as alleged *supra*, all while Defendant Quest knew or should have known of its involvement in the unlawful conduct.

51. As a direct and proximate result of Defendant Quest's conduct, Plaintiff has suffered loss of wages, including loss of back pay, loss of front pay, loss of amenities of employment, out-of-pocket expenses, emotional damages, pain and suffering, alienation, loss of confidence, loss of reputation, and other similar damages and harms, all to Plaintiff's great detriment.

52. Defendant Quest's actions were willful and wanton and thus require the imposition of punitive damages.

WHEREFORE, Plaintiff, Nathan Miller, hereby demands judgment in his favor and against Defendant, Quest Diagnostics Clinical Laboratories, Inc., for any and all damages deemed reasonable, necessary and just by the Court.

DEREK SMITH LAW GROUP, PLLC

_____
CHRISTOPHER J. DELGAIZO, ESQUIRE
Attorney for Plaintiff

Attorney I.D. No. 200594
1835 Market Street, Suite 2950
Philadelphia, PA 19103
T: 215-391-4790
Email: Chris@dereksmithlaw.com

Date: March 1, 2021