IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHAN MILLER : | |
|         Plaintiff : | |
| v. : | |
| : | Civil Action No. 2:21-cv-944-ER |
| AMAZON.COM SERVICES, INC. and : | |
| QUEST DIAGNOSTICS CLINICAL : | |
|   LABORATORIES, INC. : | |
|         Defendants : | |

## AMENDED COMPLAINT

Plaintiff, Nathan Miller, by and through his attorneys, The Derek Smith Law Group, PLLC, hereby bring this civil action for violations of Pennsylvania's Medical Marijuana Act ("MMA"), 35 P.S. §10231.2103; breach of the implied covenant of good faith and fair dealing, violation of public policy, negligence, and civil conspiracy against Defendants, Amazon.com Services, Inc. and Quest Diagnostics Clinical Laboratories, Inc. with regard to the July 21, 2020 termination of Plaintiff's employment and/or refusal to hire, on the basis of an alleged failed drug test. Plaintiff alleges and avers in support thereof:

### Parties

1. Plaintiff, Nathan Miller, is an adult male individual who, at all times relevant, suffers/suffered from mental health conditions that required physician recommended taking and use of medical marijuana, and Plaintiff is/was certified and licensed in the Commonwealth of Pennsylvania to use medical marijuana, and was employed by Amazon.com Services, Inc. working at a Carlisle, Pennsylvania facility as a Picker.

2. Defendant, Amazon.com Services, Inc. ("Amazon"), is an entity, organization, and/or Limited Liability Company incorporated in the State of Delaware and headquartered out of Seattle, Washington, and at all times relevant, has had offices in the Eastern District of Pennsylvania and thus duly exists under the laws of the Commonwealth of Pennsylvania. At all times relevant, Defendant Amazon employed Plaintiff.

3. Defendant, Quest Diagnostics Clinical Laboratories, Inc. ("Quest"), is an entity, organization, and/or corporation incorporated in the State of Delaware with headquarters in Secaucus, New Jersey, and has offices in the Eastern District of Pennsylvania and thus duly exists under the laws of the Commonwealth of Pennsylvania. Defendant Quest provides medical services on behalf of employers, including Defendant Amazon, and owes a duty to individuals when processing and reporting the drug test results of those individuals to employers.

4. Defendant Amazon and Defendant Quest agreed, accepted, adopted, acquiesced, and/or were otherwise bound by the actions and omissions of its owners, officers, managers, supervisors, employees, contractors, and agents acting and working within the scope of his or her authority.

**Jurisdiction and Venue**

5. This Court has subject matter jurisdiction under diversity of citizenship jurisdiction, 28 U.S.C. §1332, which is vested in this Court for matters involving citizens of different States when the amount in controversy exceeds the sum or value of $75,000.

6. Venue is appropriate before this Court as Defendants reside and regularly conduct business in the Eastern District of Pennsylvania (i.e. Berks, Bucks, Chester, Delaware, Lancaster, Lehigh, Montgomery, Northampton, and Philadelphia).

**Summary of Relevant Facts**

7. Plaintiff, Nathan Miller, worked from April 16, 2020 to July 21, 2020 for Defendant Amazon as a Seasonal Fulfillment Associate, which is/was a full-time Picker position working third shift (6:15 P.M. to 4:45 A.M., Sunday through Wednesday) at Defendant Amazon's Fulfillment Center in Carlisle, Pennsylvania, which earned Plaintiff $15.05 an hour.

8. Plaintiff's seasonal employment position with Defendant Amazon was temporary, and Defendant Amazon employees during orientation informed that the seasonal role would last several months, and Plaintiff recalls hearing eleven (11) months. Seasonal employees, including Plaintiff, are eligible for re-employment after the season ends.

9. Plaintiff suffers from mental health conditions including anxiety, depression, and most severely chronic Post Traumatic Stress Disorder, which require him to take physician recommended medical marijuana, and Plaintiff has a valid certification and license to do so.

10. Plaintiff informed his direct supervisor Defendant Amazon employee Justin Segal, and assistant supervisors Samson and Casper, that he is licensed for medical marijuana.

11. At all times as a Picker, Plaintiff consistently scored in excess of his pick rate or quota, and thus was qualified for his position and employment with Defendant Amazon.

12. Plaintiff was not required to use machinery or heavy equipment of any kind.

13. Within months of his employment, Defendant Amazon employees and supervisors encouraged Plaintiff to apply for a permanent position with Defendant Amazon.

14. On or about July 5, 2020 Plaintiff applied for a full-time permanent position with Defendant Amazon titled, PA Amazon Team Member, which would result in an increase in pay and benefits, but prior to hire or transfer to the permanent position, Plaintiff had to take a drug test.

15. The drug test was administered by Defendant Quest on Defendant Amazon's Carlisle premises, and it is alleged and believed that Defendant Amazon and Defendant Quest entered into contracts and agreements regarding the processing and reporting of employee drug test results.

16. At the drug test, Plaintiff informed a Defendant Quest employee and a Defendant Amazon Human Resources employee that he is a licensed user of medical marijuana and Plaintiff showed his license, at that time.

17. Throughout the examination process Plaintiff continuously informed each and every person with whom he interacted that he is/was licensed for medical marijuana and that marijuana would show up in his test. Plaintiff also showed his license to use marijuana.

18. On July 21, 2020, Plaintiff received a phone call from Anthony of Defendant Amazon's Human Resources department, and Anthony informed Plaintiff that Plaintiff had failed the drug test, due to marijuana, and was terminated.

19. Apparently, neither Defendant Amazon nor Defendant Quest had taken or accepted Plaintiff's proof that he was licensed to use medical marijuana.

20. The termination ended Plaintiff's seasonal position eight (8) months early.

21. Plaintiff also was not being hired or considered for the permanent PA Amazon Team member position.

22. Plaintiff told Anthony that he has a license for medical marijuana and explained the foregoing efforts he made at the test to make people aware, but Anthony informed Plaintiff the termination was already processed in the system, the information was with the corporate office, and there was nothing "they" could do to reverse the decision.

23. Plaintiff was allowed, however, to appeal the decision.

24. There were no further discussions of Plaintiff's application for permanent employment.

25. Plaintiff appealed his termination through Defendant Amazon's procedures.

26. On or about July 27, 2020 Plaintiff received an email from Anthony stating as follows:

> I am reaching out because we received your request to appeal your termination of employment due to a positive drug test result. When appealing a termination of this nature, the process in place requires you to reach out directly to Quest Diagnostics to notify them of your intent to appeal the results of the test. They will work with you on taking the necessary steps. You can reach Quest at **800-877-7484.**
>
> I also called and left a voice message on the phone number that we have on file for you.
>
> Thanks,
>
> Anthony

27. Plaintiff called Defendant Quest at the 800-number provided on July 28, 2020 and explained his situation and Defendant Quest informed Plaintiff there was nothing they could do, and that he should contact Defendant Amazon.

28. Soon thereafter, on July 28, 2020, Plaintiff called Defendant Amazon to inform of what transpired with Defendant Quest and was given little if any assistance with moving forward or pursuing an appeal of Defendant Amazon's decision to terminate.

29. Plaintiff took every step necessary and required to protect himself from a wrongful termination but was terminated anyway as a result of intentional discrimination.

5

30.     It is alleged and believed Plaintiff was the most qualified applicant for the permanent PA Amazon Team member position, at the time.

31.     Defendant Amazon represents itself as being medical marijuana friendly, however, in the case of Plaintiff, and potentially others, that is not true.

32.     Defendant Quest acted in concert with Defendant Amazon to deprive Plaintiff of employment and/or hire by unreasonable refusing information of Plaintiff's status as a licensed medical marijuana user and other negligent conduct reasonably resulting in his termination/refusal to hire.

## Administrative Investigation

33.     Plaintiff initially filed a Charge of Discrimination with the Pennsylvania Human Relations Commission about his termination, and an investigation was briefly conducted.

34.     In the Administrative Investigation, Defendant Amazon submitted a Position Statement that claimed Plaintiff underwent the drug test on or about July 14, 2020; the test result came back positive on July 19, 2020; and, per procedure a Medical Review Officer ("MRO") of Defendant Amazon "attempted to contact" Plaintiff on July 19, 2020 for an explanation of the test results but when no response was forthcoming, the decision to terminate was made by Defendant Amazon Human Resources on July 21, 2020.

35.     Defendant Amazon claimed per this procedure, Defendant Quest is to take no notice of a license or certification to use medical marijuana, and that proof befalls on the employee to do so when called by the MRO about a positive drug test.

36.     In contrast to the foregoing, Plaintiff has documentary evidence that the drug test was on July 21, 2020 at 6:00 P.M.; that Plaintiff called Defendant Amazon on July 21, 2020 and July 22, 2020; and, that Plaintiff was terminated effective July 22, 2020.

37. Furthermore, accepting Defendants foregoing procedure as true, Plaintiff further alleges that this procedure violates medical privacy considerations and intentionally or disparately impacts employees, including those using medical marijuana, as it wrongly subjects employees to termination, claims of failed drug tests, exposure of medical conditions, and provided little if any opportunity for individuals, including Plaintiff, to correct a positive test result that in fact is not a positive drug test result.

**COUNT ONE**
**Wrongful Termination – Refusal to Hire**
*Violation of the Medical Marijuana Act*
*Pennsylvania's Medical Marijuana Act, 35 P.S. §10231.2103(b)*
**Plaintiff v. Defendant Amazon**

38. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

39. At all times relevant, Plaintiff was a qualified employee of Defendant Amazon and Defendant Amazon was an employer of Plaintiff.

40. At all times, Defendant Amazon was aware of Plaintiff's status as a certified and licensed medical marijuana user in the Commonwealth of Pennsylvania.

41. Pennsylvania's Medical Marijuana Act provides in relevant part:

> *No employer may discharge, threaten, refuse to hire or otherwise discriminate or retaliate against an employee regarding an employee's compensation, terms, conditions, location or privileges solely on the basis of such employee's status as an individual who is certified to use medical marijuana.*

35 P.S. §10231.2103(b)

42. Defendant Amazon violated Pennsylvania's Medical Marijuana Act by having terminated Plaintiff for a positive drug test showing marijuana, when Defendant Amazon knew and/or should have known Plaintiff was a certified and licensed medical marijuana user.

43. Defendant Amazon violated Pennsylvania's Medical Marijuana Act when it refused to hire or consider Plaintiff to a permanent position due to a positive drug test showing marijuana, when Defendant Amazon knew and/or should have known Plaintiff was a certified and licensed medical marijuana user.

44. Defendant Amazon violated Pennsylvania's Medical Marijuana Act when it unreasonably refused Plaintiff opportunity to correct the positive drug test result with information, evidence, and/or documentation that is/was licensed to use medical marijuana.

45. Defendant Amazon violated Pennsylvania's Medical Marijuana Act when it failed or unreasonably refused to confirm with Defendant Quest or anyone else whether Plaintiff is/was licensed to use medical marijuana.

46. Defendant Amazon did not give Plaintiff sufficient time to correct the positive drug test result, prove his license status, or maintain his employment, in violation of guidelines, policies, and procedures including those pertaining to MROs.

47. Defendant Amazon's internal appellate procedure was insufficient and/or Defendant Amazon intentionally misdirected Plaintiff with regard to the appellate procedure in further violating Pennsylvania's Medical Marijuana Act.

48. Defendant Amazon violated other rules, policies, and procedures thus resulting in Plaintiff's wrongful termination and/or refusal to hire.

49. Defendant Amazon's actions were intentional and in complete contravention of the law, all to deprive Plaintiff of employment due to his use of medical marijuana.

50. As a direct and proximate result of Defendant's discrimination, Plaintiff has suffered loss of wages, including loss of back pay, loss of front pay, loss of amenities of employment, out-of-pocket expenses, emotional damages, pain and suffering, alienation, loss of

confidence, loss of reputation, and other similar damages and harms, all to Plaintiff's great detriment.

51. Defendant Amazon's actions were willful and wanton and thus require the imposition of punitive damages.

WHEREFORE, Plaintiff, Nathan Miller, hereby demands judgment in his favor and against Defendant, Amazon.com Services, Inc., for any and all damages deemed reasonable, necessary, and just by the Court.

## COUNT TWO
### Wrongful Termination – Refusal to Hire
*Breach of Contract / Breach of Implied Covenant of Good Faith and Fair Dealing*
### Plaintiff v. Defendant Amazon

52. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

53. Defendant Amazon breached a verbal contract and/or the implied covenant of good faith and fair dealing when it held itself out as permitting the employment of those taking medical marijuana and then intentionally and discriminatorily terminated Plaintiff's seasonal employment, opportunity for rehire, and other wrongs, as alleged *supra*.

54. As a direct and proximate result of Defendant Amazon's conduct, Plaintiff has suffered loss of wages, including loss of back pay, loss of front pay, loss of amenities of employment, out-of-pocket expenses, emotional damages, pain and suffering, alienation, loss of confidence, loss of reputation, and other similar damages and harms, all to Plaintiff's great detriment.

55. Defendant Amazon's actions were willful and wanton and thus require the imposition of punitive damages.

WHEREFORE, Plaintiff, Nathan Miller, hereby demands judgment in his favor and against Defendant, Amazon.com Services, Inc., for any and all damages deemed reasonable, necessary, and just by the Court.

**COUNT THREE**
**Wrongful Termination – Refusal to Hire**
*Violation of Public Policy*
*Pennsylvania's Medical Marijuana Act, 35 P.S. §10231.2103(b)*
**Plaintiff v. Defendant Amazon**

56. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

57. In the Commonwealth of Pennsylvania, it is legal to be prescribed medical marijuana. 35 P.S. §10231.2103(b).

58. It also is illegal to terminate an employee or refuse to hire an employee simply because he is prescribed medical marijuana and/or a licensed and certified user.

59. Consequently, it is a violation of public policy to terminate or fail to hire an employee because he tests positive for the use of medical marijuana for which he/she is licensed.

60. As a direct and proximate result of Defendant Amazon's discrimination, Plaintiff has suffered loss of wages, including loss of back pay, loss of front pay, loss of amenities of employment, out-of-pocket expenses, emotional damages, pain and suffering, alienation, loss of confidence, loss of reputation, and other similar damages and harms, all to Plaintiff's great detriment.

61. Defendant Amazon's actions were willful and wanton and thus require the imposition of punitive damages.

WHEREFORE, Plaintiff, Nathan Miller, hereby demands judgment in his favor and against Defendant, Amazon.com Services, Inc., for any and all damages deemed reasonable, necessary, and just by the Court.

## COUNT FOUR
### *Negligence*
### Plaintiff v. Defendant Quest

62. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

63. The four elements to a claim for negligence are: (1) duty of care, (2) breach of duty, (3) causation, and (4) damages and harms.

64. At all times relevant, Defendant Quest owed a duty of care to Plaintiff when processing and reporting his drug test results to Defendant Amazon, as Defendant Quest knew and was aware that it/they were reporting drug test results to Plaintiff's employer and that the processing and reporting of the drug test results would have an impact on Plaintiff's employment and/or Plaintiff's hire.

65. Defendant Quest breached this duty by having unreasonably refused to accept, take note, and convey the fact Plaintiff is a licensed user of medical marijuana.

66. Defendant Quest breached its duty by having informed Defendant Amazon that Plaintiff had failed the drug test without information known about Plaintiff's status as a licensed and certified user of medical marijuana.

67. Defendant Quest breached its duty when it failed or unreasonably refused to assist Plaintiff in his appeal of the decision to terminate, and correct the drug test result.

68. Defendant Quest breached its duty in furtherance of agreements then existing between Defendant Amazon and Defendant Quest to deprive employment to licensed and certified medical marijuana users.

69. As a direct and proximate result of Defendant Quest's foregoing actions, omissions, conduct, carelessness, and negligence, Plaintiff was harmed and was terminated from employment, resulting in economic and personal harms and damages.

70. Defendant Quest further violated a duty to Plaintiff when apparently refusing to assist Plaintiff with his post-termination appeal of his termination, as Defendant Amazon had identified Defendant Quest as the party capable of assisting Plaintiff with that appeal.

71. As a direct and proximate result of Defendant Quest's foregoing conduct, Plaintiff has suffered loss of wages, including loss of back pay, loss of front pay, loss of amenities of employment, out-of-pocket expenses, emotional damages, pain and suffering, alienation, loss of confidence, loss of reputation, humiliation, embarrassment, and other similar damages and harms, all to Plaintiff's great detriment.

72. Defendant's actions were willful and wanton and thus require the imposition of Punitive Damages.

WHEREFORE, Plaintiff, Nathan Miller, hereby demands judgment in his favor and against Defendant, Quest Diagnostics Clinical Laboratories, Inc., for any and all damages deemed reasonable, necessary, and just by the Court.

## COUNT FIVE
*Civil Conspiracy*
**Plaintiff v. Defendant Quest**

73. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

74. A civil conspiracy exists when (i) a combination of two or more persons do an unlawful criminal act, or a lawful act by unlawful means, or for an unlawful purpose, (ii) an overt act done in pursuance of the common purpose, and (iii) actual legal damages.

75. Here, Defendant Quest and Defendant Amazon combined to commit an unlawful act, or otherwise a lawful act for an unlawful purpose, and thereby deprived Plaintiff of his rights under Pennsylvania's Medical Marijuana Act, to employment as a certified and licensed user of medical marijuana.

76. Defendant Quest conspired and/or unlawfully furthered Defendant Amazon's intentional violation of the Medical Marijuana Act and/or public policy, by and through its intentional, willful, and with malice submission of a positive drug test for Plaintiff after knowingly failing and refusing to accept Plaintiff's status as a certified user of medical marijuana.

77. Defendant Quest knowingly and intentionally agreed to procedures pertaining to the processing and reporting of Defendant Amazon employee's drug test results, knowing Defendant Amazon would intentionally terminate and deprive hire of individuals who tested positive for marijuana and had valid licenses/certification to take medical marijuana.

78. Defendant Amazon sent Plaintiff to Defendant Quest, post-termination, regarding his appeal of the decision to terminate, and Defendant Quest provided no assistance and further made no attempts to inform Defendant Amazon again of Plaintiff's status as a licensed/certified medical marijuana user.

79. As a direct and proximate result of Defendant Quest's conduct, Plaintiff has suffered loss of wages, including loss of back pay, loss of front pay, loss of amenities of employment, out-of-pocket expenses, emotional damages, pain and suffering, alienation, loss of confidence, loss of reputation, and other similar damages and harms, all to Plaintiff's great detriment.

80. Defendant Quest's actions were willful and wanton and thus require the imposition of punitive damages.

WHEREFORE, Plaintiff, Nathan Miller, hereby demands judgment in his favor and against Defendant, Quest Diagnostics Clinical Laboratories, Inc., for any and all damages deemed reasonable, necessary, and just by the Court.

DEREK SMITH LAW GROUP, PLLC

*[signature]*

_____
CHRISTOPHER J. DELGAIZO, ESQUIRE
Attorney for Plaintiff

Attorney I.D. No. 200594
1835 Market Street, Suite 2950
Philadelphia, PA 19103
T: 215-391-4790
Email: Chris@dereksmithlaw.com

Date: April 9, 2021

14